ABRAHAM V. VAN FLEET, ESQ., VICE-CHANCELLOR.

### GEORGE F. LEE

*v.*

### THE WEST JERSEY LAND AND CRANBERRY COMPANY.

1. A mortgagor of a mortgage made payable in one year, is not entitled to any benefit from a subsequent agreement made between the mortgagee and his assignee, extending the time of payment on condition of the mortgagee's guaranty and the prompt payment of the interest.

2. Where a mortgagee guarantees an overdue mortgage, his assignee must foreclose after notice to proceed at the mortgagee's expense.

On bill to foreclose.    On final hearing on pleadings and proofs.

*Mr. T. H. Dudley*, for complainant.

*Mr. P. L. Voorhees*, for defendants.

25

THE CHANCELLOR.

This suit is brought to foreclose a mortgage, dated February 21st, 1876, for $15,000 and interest, given by the defendants to John Kessler, Jr., upon land in Burlington county. It is payable in one year from its date. The bill was filed on the 4th of May, 1877. The complainant holds the mortgage by assignment dated March 15th, 1876, from the mortgagee, who assigned it to him, together with certain shares of the capital stock of the defendants, as security for a loan of $15,000 made to him by the complainant. Kessler at the same time guaranteed the payment of the mortgage to the complainant. Contemporaneously with the delivery of the assignment, the defendants gave to the complainant a declaration, under their corporate seal and signed by their president, that they had received notice that an assignment of the mortgage was about to be made by Kessler, "the owner and holder" thereof, to the complainant; that the sum of $15,000, the amount of the principal of the mortgage, was still owing thereon, with interest from the 21st of February, 1876, and that they had no charge, demand, plea or set-off upon, for or against the mortgage in any way or manner whatever. When the assignment was made, it was agreed between Kessler and the complainant that if the interest should be paid promptly, half-yearly, on the mortgage, the latter would hold the mortgage for the period of five years from the date thereof, without foreclosing it; and, further, that Kessler might, on giving sixty days' notice, pay $5,000 of the principal of the mortgage, and that, on such payment, the complainant would re-assign the stock to him, or to such person or persons as he might appoint, and hold the mortgage and guaranty as security for the balance of the loan. The interest which became due on the mortgage on the 21st of February, 1877, was not paid by the defendants, though they were notified by the attorneys of the complainant, just before it became due, to pay it when it should become due. The complainant then

called on Kessler, the guarantor, for it, and he paid it, accordingly, on the 5th of March following.

The president of the defendants, according to the testimony of Mr. Cheney, declined to pay the interest until after he should have made an investigation as to what had become of $300 of the loan which the mortgage was made to secure, and which had been raised for the benefit of the defendants. Mr. Cheney says that after the president received the note from the attorneys in regard to the interest, the president said that, before paying that interest, he would like to know to whom and for what purpose $300 of the money lent by the complainant to Kessler had been paid, as he had always been in doubt as to the disposition of it, and that he really believed that the company was entitled to a credit of that amount on account of the interest of the mortgage; and the president thereupon inquired of the complainant's attorneys on the subject.

The president says he was unable to obtain the information at once, and that one of the attorneys promised to get it for him. But it appears clearly, by the evidence, that the information referred to was, by direction of Kessler, furnished to him, in writing, as early as about the 29th of December, 1876.

The demand for the interest is dated on the 20th of February, 1877, and the interest fell due on the next day. Though the interest was tendered to the complainant, it was not until the 13th of March, about three weeks after it became due. Kessler had paid it to the complainant on the 5th of March. If the defendants had been entitled to the benefit of the agreement between the complainant and Kessler, the condition on which the extension of time depended was not performed: the interest was not paid promptly. But they are not entitled to the benefit of that agreement. It was not made with them, nor for them. It was an agreement between the complainant and Kessler. The complainant expressly refused to deal with or recognize them in the transaction of the loan. They certified to

him that Kessler was the owner, as well as the holder, of the mortgage; that the principal, $15,000, was owing thereon, and that they had no charge, claim, demand, plea or set-off upon, for or against the mortgage, in any way or manner whatever; in other words, that it was a *bona fide*, valid mortgage, on which there was owing to Kessler the sum of $15,000 of principal, and that they had no interest whatever in it.

Again, Kessler guaranteed the payment of the mortgage to the complainant. On the 27th of March, 1877, he expressly, in view of his liability as guarantor, by a written communication requested the complainant to proceed to collect the money due on the mortgage, declaring that he believed it to be necessary, for his protection as guarantor, that it should be done, and offering to indemnify the complainant against the expense incident thereto. The complainant was not at liberty to disregard this notice, but was bound, in order to save his guaranty, to proceed to the collection of the mortgage.

There will be a decree for the complainant for the amount due on the mortgage.